

LIPTON LAW
THE EDGE YOU NEED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA J. TRAVIS, Individually,
and as Personal Representative of the
Estate of MARK P. TRAVIS, Deceased,

    Plaintiff,

vs.              Case No. 1:14-cv-00082-JTN
                Hon. Janet T. Neff

PETER LEVANOVICH, M.D.;
McLAREN NORTHERN MICHIGAN d/b/a
NORTHERN MICHIGAN REGIONAL
HOSPITAL; MICHIGAN HEART & VASCULAR
SPECIALISTS, a Department of McLAREN
NORTHERN MICHIGAN, and THE CARDIAC
INSTITUTE d/b/a MICHIGAN HEART &
VASCULAR SPECIALISTS,

    Defendants.
_____/

| | |
|---|---|
| MARC LIPTON (P43877) | ROBERT M. WYNGAARDEN (P36504) |
| STEFFANI CHOCRON (P45335) | VERLIN R. NAFZIGER (P37938) |
| RONALD K. WEINER (P40706) | JOHNSON & WYNGAARDEN, P.C. |
| LIPTON LAW CENTER, P.C. | Attorneys for Defendants |
| Attorney for Plaintiff | 3445 Wood Edge Drive |
| 18930 W. Ten Mile Road | Okemos, Michigan 48864 |
| Southfield, Michigan 48075 | (517) 349-3200 |
| (248) 557-1688 | rmw@jwynlaw.com |
| marc@liptonlaw.com | vrn@jwynlaw.com |

_____/

**CORRECTED**
**PLAINTIFFS' FIRST AMENDED MOTION TO APPROVE WRONGFUL DEATH**
**SETTLEMENT AND FOR REIMBURSEMENT OF COSTS AND PAYMENT OF**
**ATTORNEY FEES**

  NOW COMES Plaintiff, Debra Travis, as Personal Representatives of the ESTATE OF MARK TRAVIS, Deceased, through their attorneys, LIPTON LAW, P.C., by Steffani Chocron, and for this Motion to Approve Wrongful Death Settlement hereby states unto this Honorable Court as follows:

18930 W Ten Mile Rd
Suite 3000
Southfield, MI 48075

Phone: 248.557.1688
Fax: 248.557.6344

www.liptonlaw.com

1. This cause of action for wrongful death arises out of a September 2, 2011 medical malpractice claim.

2. That counsel Lipton Law was hired by Debra Travis, the Personal Representative of the Estate of Mark Travis, to file a wrongful death lawsuit on behalf of the Estate.

3. That as previously disclosed to this Court, after multiple facilitations and negotiations, this case settled through the assistance of facilitator Jon Muth on May 12, 2015.

4. The Settlement agreement provides that Defendants will pay, through their insurer, a confidential amount in settlement of this claim. Due to the confidential nature of the settlement, the attached **Exhibit 1** outlines the proposed settlement, incurred costs and attorney fees.

5. Plaintiff's personal representative, Debra Travis, believes it is in the best interests of the Estate to settle the Estate's claims for the amounts stated.

6. Plaintiff's counsel was retained on a contingent fee basis which provided that Plaintiff's counsel's expenses would be deducted from any recovery, and then Plaintiff's counsel would be entitled to one-third fee on the balance of the recovery. (See attached **Exhibit 2**)

7. Plaintiff's counsel incurred expenses as set forth in the attached itemization. (See attached **Exhibit No. 3**). These expenses were actually incurred directly as a result of the investigation and litigation of this action, and were reasonable in the amounts charged by outside vendors and experts.

8. Plaintiff's counsel is entitled to a fee of one-third of the net proceeds. The total fee due is set forth in the attached itemization (**Exhibit 1**).

9. The class of heirs under the Michigan Wrongful Death Act who are entitled to

make a claim against the wrongful death recovery by the Estate are listed below.

        Debra Travis, Decedent's Wife

        Jason Travis, Decedent's son

        Neil Travis, Decedent's son

        Cliff Travis, Decedent's brother

        Kaelyn Travis, Decedent's granddaughter DOB 7/15/2003 (Jason Travis' daughter)

        Carter Travis, Decedent's, grandson, DOB 8/17/2006 (Neil Travis' son)

10. Plaintiff's representatives and counsel are not aware of any other potential claimants to the wrongful death proceeds in this matter.

11. That shortly after this settlement was reached, Plaintiff's counsel was informed that all heirs entitled to recovery under the Michigan Wrongful Death Statute agreed to the distribution of net proceeds; namely that the net proceeds would pass directly to the widow and Personal Representative of the Estate, Debra Travis. Based on this representation, Plaintiff filed the original Motion to Approve Settlement **and Distribution of Proceeds**.

12. Counsel for the Estate provided each of the surviving adults and the Guardian Ad Litem copies of the original Motion for Approval which included the settlement amount and an itemization of the proposed distribution and the Notice of Hearing for July 14, 2015 which was subsequently issued (**See Exhibit 4**).

13. After receiving this information, heir Cliff Travis contacted counsel for the Estate and indicated that he would not sign the waiver and consent provided with the copy of the Motion for Approval and he indicated he believed he was entitled to a distribution.

14. Plaintiff's counsel informed Mr. Travis that she represented the **Estate of Mark Travis**, and could not counsel or advocate for any heirs regarding the distribution of said

3

settlement. Plaintiff's counsel further advised Mr. Travis to hire an attorney and that he had the right to oppose the distribution of the settlement proceeds.

15. That since this time and with the knowledge that the distribution was now being contested, Debra Travis, Jason Travis and Neil Travis, heirs under Michigan's wrongful death statute, have hired attorney Kelly Cumberworth, to handle their claim in the distribution of proceeds (**See Exhibit 5**).

16. That Plaintiff's counsel received the letter attached as **Exhibit 6** from Mr. Cliff Travis opposing the proposed settlement distribution.

17. That as a result of the now disputed distribution of Settlement proceeds, Plaintiff requests that this Honorable Court bifurcate the Motion to Approve the Settlement and the Motion for Distribution.

18. That no party nor heir is objecting to the amount of the negotiated settlement in this matter, the only issue is the distribution of the net proceeds among the heirs.

19. That Plaintiff requests that this Court Approve the Wrongful Death Settlement herein achieved and approve the immediate reimbursement of costs to Lipton Law and payment of attorney fees as set forth in **Exhibit 1**; and further order that the net proceeds of the gross settlement be placed into an escrow account pending this Court's decision regarding Distribution among the heirs.

20. Plaintiff requests that this Court find that the costs incurred were necessarily incurred in the investigation and litigation of this action, that the fee of Plaintiff's counsel is reasonable and that both may be immediately disbursed.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order approving the settlement, reimbursement of costs and payment of attorney fees.

Respectfully submitted,

LIPTON LAW

/S/ Steffani Chocron
Steffani Chocron  (P45335)
Attorney for Plaintiff
18930 W. Ten Mile Road
Southfield, MI  48075
(248) 557-1688

Dated: July 7, 2015

## BRIEF IN SUPPORT

Plaintiff relies upon MCR 2.420 and MCL 600.2922, et. seq. in support of said Motion. MCL 600.2922 (5) states:

> **(5) If, for the purpose of settling a claim for damages for wrongful death where an action for those damages is pending, a motion is filed in the court where the action is pending by the personal representative asking leave of the court to settle the claim, the court shall, with or without notice, conduct a hearing and approve or reject the proposed settlement.**

The Personal Representative of the Estate of Mark Travis, Debra Travis has asked this Court to approve the settlement. This Personal Representative believes that the settlement is reasonable under the circumstances and the post-settlement disputes that have arisen have nothing to do with the gross settlement amount, but rather center solely around the distribution of the net proceeds remaining. MCL 600.292 (6) addresses the distribution of proceeds from a wrongful death action:

5

(6) In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The proceeds of a settlement or judgment in an action for damages for wrongful death shall be distributed as follows:

> (a) The personal representative shall file with the court a motion for authority to distribute the proceeds. Upon the filing of the motion, the court shall order a hearing.
>
> (b) Unless waived, notice of the hearing shall be served upon all persons who may be entitled to damages under subsection (3) in the time, manner, and method provided in the rules applicable to probate court proceedings.
>
> (c) If any interested person is a minor, a disappeared person, or an incapacitated individual for whom a fiduciary is not appointed, a fiduciary or guardian ad litem shall be first appointed, and the notice provided in subdivision (b) shall be given to the fiduciary or guardian ad litem of the minor, disappeared person, or legally incapacitated individual.
>
> (d) After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as provided in the special verdict.

(e) If none of the persons entitled to the proceeds is a minor, a disappeared person, or a legally incapacitated individual and all of the persons entitled to the proceeds execute a verified stipulation or agreement in writing in which the portion of the proceeds to be distributed to each of the persons is specified, the order of the court shall be entered in accordance with the stipulation or agreement.

The heirs have not waived a hearing on this matter, therefore this Honorable Court must have a hearing and issue an Order regarding distribution of proceeds. However, as the settlement is not being objected to, Plaintiff requests that this Court Approve the Wrongful Death Settlement, approve the costs and attorney fees as disclosed in this Motion and Order that these may be immediately disbursed and that the net proceeds of the settlement be placed in an escrow account pending a decision and Order from this Court regarding the distribution of the settlement.

Respectfully submitted,

LIPTON LAW

/S/ Steffani Chocron
Steffani Chocron (P45335)
Attorney for Plaintiff
18930 W. Ten Mile Road
Southfield, MI 48075
Dated: July 7, 2015          (248) 557-1688

7



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA J. TRAVIS, Individually,
and as Personal Representative of the
Estate of MARK P. TRAVIS, Deceased,

    Plaintiff,

vs.

Case No. 1:14-cv-00082-JTN
Hon. Janet T. Neff

PETER LEVANOVICH, M.D.;
McLAREN NORTHERN MICHIGAN d/b/a
NORTHERN MICHIGAN REGIONAL
HOSPITAL; MICHIGAN HEART & VASCULAR
SPECIALISTS, a Department of McLAREN
NORTHERN MICHIGAN, and THE CARDIAC
INSTITUTE d/b/a MICHIGAN HEART &
VASCULAR SPECIALISTS,

    Defendants.

_____/

| | |
|---|---|
| MARC LIPTON (P43877) | ROBERT M. WYNGAARDEN (P36504) |
| STEFFANI CHOCRON (P45335) | VERLIN R. NAFZIGER (P37938) |
| RONALD K. WEINER (P40706) | JOHNSON & WYNGAARDEN, P.C. |
| LIPTON LAW CENTER, P.C. | Attorneys for Defendants |
| Attorney for Plaintiff | 3445 Wood Edge Drive |
| 18930 W. Ten Mile Road | Okemos, Michigan 48864 |
| Southfield, Michigan 48075 | (517) 349-3200 |
| (248) 557-1688 | rmw@jwynlaw.com |
| marc@liptonlaw.com | vrn@jwynlaw.com |

_____/

## PROOF OF SERVICE

Jeanette Hamilton certifies that on July 7, 2015, she mailed **Corrected Plaintiffs' First Amended Motion to Approve Wrongful Death Settlement and for Reimbursement of Costs and Payment of Attorney Fees** and this Proof of Service was sent to all interested parties via regular U.S. Mail, including:

    Neil Travis - 1081 Hollygate Lane Naples Florida 34103

    Jason Travis 3967 Ruxton Road Naples Florida 34116 -

    Debra Travis – 418 Persian Port, Marco Island, Florida 34145

18930 W Ten Mile Rd
Suite 3000
Southfield, MI 48075

Phone: 248.557.1688
Fax: 248.557.6344

www.liptonlaw.com

> Lenore Brakefield, Esq. Wood, Pires & Lombardo, PA, 606 Bald Eagle Dr., Ste. 500, Marco Island, FL 34145
>
> Kelly L. Cumberworth, 400 Monroe St., Ste. 620, Detroit, MI 48226
>
> Robert M. Wyngaarden, Esq., 3445 Wood Edge Drive, Okemos, MI 48864

and via Federal Express to:

> Cliff Travis - 4000 3rd St. N #111 St. Petersburg Florida 33703

I certify that the above statements are true to the best of my information, knowledge and belief.

_____
Jeanette Hamilton

Subscribed and sworn to before me this
7th day of July 2015

_____
Tania Salling
Notary Public, Oakland, Michigan
My Commission Expires: 11-9-2021

```
TANIA SALLING
NOTARY PUBLIC - MICHIGAN
COUNTY OF WAYNE
MY COMMISSION EXPIRES NOV. 9, 2021
ACTING IN THE COUNTY OF Oakland
```

2